IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| COLLECTIVE SHARED SERVICES, LLC : | |
| : | |
| d/b/a TruCorps : | |
| : | |
| Plaintiff and : | |
| Counterclaim Defendant, : | |
| : | |
| v. : | Civil Action No. 8:19-cv-01208-GJH |
| : | |
| CPDA Canvass Network, LLC, : | |
| : | |
| Defendant and : | |
| Counterclaim Plaintiff : | |
| : | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO DISMISS**

Plaintiff Collective Shared Services, LLC d/b/a TruCorps has moved to dismiss its claims against Defendant and Counterclaim Plaintiff CPDA Canvass Network, LLC ("CPDA") [Doc. 14] (the "Motion"). Although CPDA does not object to granting Plaintiff the relief it seeks, this pleading responds to the legal argumentation made in the supporting Memorandum of Law [Doc. 14-1] (the "Memorandum," cited herein as "Mem.") and alerts this Court as to potential prejudice to CPDA in the event that Plaintiff is using its Motion as pretext to harass or annoy CPDA. In support thereof, CPDA states as follows.

1.    Plaintiff initially filed its claims in this matter in state court. *See* [Doc. 1] (Notice of Removal); [Doc. 1-2] (Complaint). CPDA incurred legal expenses removing this case to this Court. *See* Attachment 1 (Affidavit of P. Andrew Torrez) (cited herein as "Torrez Aff.") at 2 ¶ 4. Plaintiff did not contest the removal of this case, indicating that Plaintiff acknowledges that its claims in this matter belong in federal court. *Id.*

2.      On Wednesday, October 30, 2019, counsel for Plaintiff contacted counsel for CPDA to request CPDA's consent to the voluntary dismissal of its claims in this matter. *Id.* ¶ 5 & Ex. A thereto.

3.      The next day, on Thursday, October 31, 2019, CPDA advised counsel for Plaintiff that it would consent to the voluntary dismissal "assuming that your client agrees that if he refiles this or any similar case he will do so in federal court." *Id.* at ¶ 6 & Ex. B thereto.

4.      Notwithstanding CPDA's proposed consent, counsel for Plaintiff declined to respond, *see id.* at ¶ 7, and instead chose to file the instant Motion as a <u>contested</u> motion on November 1, 2019, strongly suggesting that it was unwilling to agree to CPDA's reasonable terms. *See* Motion [Doc. 14]. Indeed, given Plaintiff's behavior in this matter to date, *see* Motion for Sanctions [Doc. 11]; Memorandum of Law in Support of Motion for Sanctions [Doc. 12]; Reply Memorandum of Law in Support of Motion for Sanctions [Doc. 15], CPDA cannot rule out the possibility that Plaintiff intends to refile its claims in this matter in state court, forcing Defendant to incur unnecessary additional expenses in *re*-removing any future pleadings back to this Court. Indeed, driving up CPDA's legal costs appears to be a key aspect of Plaintiff's strategy. *See* Reply Mem. Sup. Sanctions [Doc. 15], Attachment 1 [Doc. 15-1] (11/6/2019 Affidavit of Hetal Dalal), Ex. B at 1 ("While we estimate that legal fees now approach $250,000." [sic]).[1]

5.      In such an event, CPDA does not agree with the characterization set forth in the Motion and supporting Memorandum that it "has not expended any effort or expense in preparing for trial," Mem. at 2, given that it has incurred legal expenses in removing this case to federal court that it might be forced to incur again. Torrez Aff. at 2 ¶¶ 4, 8.

---

[1]     Plaintiff's estimate of CPDA's legal fees is wildly inaccurate.

6.  CPDA can see no reason why Plaintiff would refile its claims in state court other than "to harass, cause unnecessary delay, or needlessly increase the cost of litigation" to CPDA, *see* Fed. R. Civ. P. 11, and, in such an event, respectfully suggests that such tactics would be improper under Rule 11 and would merit Rule 11 and other sanctions in this Court as appropriate.

7.  Subject to the foregoing, Defendant does not object to granting Plaintiff the relief it seeks.  A proposed Order is attached.

                Respectfully submitted,

                _____/s/_____
                P. Andrew Torrez (D.Md. Bar No. 27268)
                THE LAW OFFICES OF P. ANDREW TORREZ, LLC
                28 E. Susquehanna Ave., Suite 206
                Towson, Maryland 21286
                Phone: (240) 230-7309
                email:  patorrez@patorrez.com

                *Attorney for Defendant/Counterclaim Plaintiff*
                *CPDA Canvass Network, LLC*

Dated: November 15, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November 2019, the foregoing Response was filed electronically via CM/ECF and electronic copies were served on counsel of record.

                _/s/_  P. Andrew Torrez_____
                P. Andrew Torrez

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | |
|---|---|
| COLLECTIVE SHARED SERVICES, LLC : | |
| : | |
| d/b/a TruCorps : | |
| : | |
| Plaintiff and : | |
| Counterclaim Defendant, : | |
| : | |
| v. : | Civil Action No. 8:19-cv-01208-GJH |
| : | |
| CPDA Canvass Network, LLC, : | |
| : | |
| Defendant and : | |
| Counterclaim Plaintiff : | |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion to Dismiss and Defendant/Counterclaim Plaintiff CPDA Canvass Network, LLC's response thereto, it is this _____ day of _____, 2019 by this United States District Court for the District of Maryland hereby

**ORDERED** that the Motion is **GRANTED**, subject to the following; and it is further

**ORDERED** that Plaintiff's Complaint is hereby dismissed without prejudice; and it is further

**ORDERED** that this Court retains jurisdiction over Defendant's Counterclaims; and it is further

**ORDERED** that in the event Plaintiff re-files the claims raised in its Complaint, or any similar claims, it shall do so in this Court; and it is further

4

**ORDERED** that in the event Plaintiff re-files the claims raised in its Complaint, or any similar claims in any other Court, it shall be adjudged by this Court to have engaged in improper behavior pursuant to Rule 11 of the Federal Rules of Civil Procedure, and this Court shall promptly enter an Order directing Plaintiff to pay CPDA's legal expenses and awarding such other sanctions as this Court deems appropriate.

So **ORDERED**.

_____
George J. Hazel
United States District Judge