**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

COLLECTIVE SHARED SERVICES, LLC,

Plaintiff

v.

CPDA CANVASS NETWORK, LLC,

Defendant.

Case No. 8:19-cv-01208-GJH
*consolidated with*

COLLECTIVE SHARED SERVICES, LLC,

Plaintiff

v.

CPDA CANVASS NETWORK, LLC, *et al.*

Defendants.

Case No. 8:20-cv-01804-GJH

**DEFENDANT'S ANSWER AND COUNTERCLAIMS**

Defendants CPDA Canvass Network, LLC ("CPDA Canvass") and Center for Popular Democracy Action Fund, Inc. ("CPDA") (collectively, "Defendants"), by and through their undersigned counsel, hereby state for their Amended Answer and Counterclaims to the Complaint filed Plaintiff Collective Shared Services, LLC ("CSS") as follows:

Plaintiff's un-numbered introductory paragraph is a legal conclusion to which no response is required.

**PARTIES**

1. Defendants admit that Melvin Duane Stillwell is the sole member of Plaintiff CSS, and that CSS is limited liability company. With respect to the remainder of the allegations in Paragraph 1, Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in Paragraph 1 and on that basis deny them.

2. The first sentence of Paragraph 2 is admitted. The second sentence of Paragraph 2 is a legal conclusion to which no response is required. The third sentence of Paragraph 2 is denied to the extent that it purports to characterize the activities of CPDA Canvass.

3. The first sentence of Paragraph 3 is admitted. The balance of Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 3 and on that basis deny them.

4. Admitted.

5. Paragraph 5 is a legal conclusion to which no response is required. To the extent a response is required, Defendants aver that the document described therein speaks for itself.

6. Denied. See response to Paragraph 3.

**JURISDICTION AND VENUE**

7. Admitted.

8. Admitted.

9. Denied.

10. Admitted.

**FACTUAL ALLEGATIONS**

11. The first sentence of Paragraph 11 is admitted to the extent that CPDA Canvass agrees it entered into the Contract attached to the Complaint as Exhibit 1. The balance of Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the document described therein and any amendments thereto speak for themselves.

12. Admitted. Defendants deny that CSS fulfilled its responsibilities under the Contract.

13. Paragraph 13 is admitted to the extent that CPDA Canvass admits it undertook certain obligations to CSS pursuant to the Contract as set forth therein, which document and any amendments thereto speak for themselves, such obligations which may have been discharged or excused due to the nonperformance of CSS. With respect to the balance of Paragraph 13, Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 13 and on that basis deny them.

14. Denied.

15. Denied.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 16 and on that basis deny them.

17. Denied. The Contract was written by CSS and contained a merger and integration clause also drafted by CSS that expressly prohibited varying the terms of the Contract unless via a written document signed by both parties. Compl. Ex. 1 at 6 ¶ 9.4. The parties did, in fact, execute at least one such document on August 21, 2018 (the "Rider").

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Paragraph 22 is admitted to the extent that CSS threatened CPDA Canvass with nonperformance under the Contract unless Defendants would advance certain “retainers” to CSS not tied to any particular invoice and not otherwise in compliance with the requirements of the Contract, and that Defendants did in fact tender hundreds of thousands of dollars in “retainer” payments for which CSS to this day refuses to make any accounting. With respect to the balance of the allegations in Paragraph 22, Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in Paragraph 22 and on that basis deny them.

23. Denied.

24. Paragraph 24 is admitted to the extent that CSS terminated the Contract. The balance of Paragraph 24 is denied.

25. Denied.

26. The allegations in paragraph 26 are false, scandalous, and irrelevant to the sole remaining cause of action raised by Plaintiff and therefore require no response. To the extent a response is required, Paragraph 26 is denied.

27. Denied. Defendants dispute each and every invoice issued by CSS.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 28 and on that basis deny them.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 29 and on that basis deny them.

**COUNT I – BREACH OF CONTRACT**

30. Paragraph 16 requires no response as it merely adopts by reference the allegations set forth in Paragraphs 1 through 29, to which Defendants have already responded.

31. Denied.

32. Denied.

33. The allegations in paragraph 33 are false, scandalous, and irrelevant to the sole remaining cause of action raised by Plaintiff and therefore require no response. To the extent a response is required, Paragraph 33 is denied. This Court dismissed Plaintiff's fraud claim on July 7, 2021. ECF No. 34.

34. Paragraph 34 is a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 34 and on that basis deny them.

35. Paragraph 35 is a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 35 and on that basis deny them.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 36 and on that basis deny them.

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 37 and on that basis deny them.

38. Paragraph 38 contains legal conclusions to which no response is required. To the

extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 35 and on that basis deny them.

39. Paragraph 39 is a legal conclusion to which no response is required. To the extent a response is required, Paragraph 39 is denied.

The balance of Plaintiff's Complaint, including Paragraphs 40 through 50, were dismissed by this Court's Memorandum Opinion and Order dated July 7, 2021 and need not be answered. ECF No. 34.

## PRAYER FOR RELIEF

Defendant respectfully requests that this Court deny Plaintiff's prayer for relief in the un-numbered paragraph following numbered Paragraph 50 of the Complaint.

All allegations not specifically and expressly admitted herein by Defendants are deemed to be denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim or cause of action upon which relief may properly be granted.

2. Plaintiff's claims, in whole or in part, are barred by the contractual limitations period.

3. Plaintiff's claims are subject to offset, in whole or in part, by sums owed by Plaintiff to one or more Defendants.

4. Defendants' obligations, in whole or in part, are excused by the nonperformance and/or breaches of contract by Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

6. Defendants reserve the right to plead, assert, and rely on all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiff or otherwise through discovery.

**COUNTERCLAIMS**

Defendants/Counterclaim Plaintiffs, by and through their undersigned counsel, hereby incorporate by reference the Counterclaims alleged in response to the prior Complaint filed by CSS in the consolidated action, including the prayer for relief, as if fully set forth herein. ECF No. 5, as modified by this Court's Order of March 20, 2020, ECF Nos. 18, 19.

Dated: July 28, 2021

/s/

P. Andrew Torrez (D.Md. Bar No. 27268)
Morgan L. Stringer
THE LAW OFFICES OF P. ANDREW TORREZ, LLC
28 E. Susquehanna Ave., Suite 206
Towson, Maryland 21286
Phone: (240) 230-7309
email: patorrez@patorrez.com

*Attorney for Defendant*
*CPDA Canvass Network, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of July, 2021, the foregoing Answer and Counterclaim was filed electronically via CM/ECF and electronic copies were served on counsel of record.

____*/s/ P. Andrew Torrez*____________________
P. Andrew Torrez